IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN D. DEVORE, | : | CIVIL ACTION |
|  | : | No. 06-5095 |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| CITY OF PHILADELPHIA | : |  |
| ET AL., | : |  |
|  | : |  |
| Defendants. | : |  |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                APRIL 15, 2008


        Plaintiff John D. Devore ("Devore" or "plaintiff") sues
the City of Philadelphia (the "City") alleging that the City
violated a settlement agreement that Devore and the City entered
into as a result of a previous lawsuit brought by Devore against
the City.  Devore claims that the City's action violated both
federal civil rights law and Pennsylvania law.  Currently before
the Court are cross-motions for summary judgment.  For the
reasons set forth below, Devore's motion for summary judgment
will be denied.  The City's motion will be granted in part and
denied in part.


I.    BACKGROUND

      A.    Facts

            This is the third in a series of lawsuits brought by

-1-

John Devore, against the City and a variety of City employees.

The facts of the earlier suits were set forth by Magistrate Judge

Hart in <u>Devore v. City of Philadelphia</u>, No. 04-3030, 2005 WL

2178909 (E.D. Pa. 2005) ("<u>Devore II</u>").

> Devore, a former Philadelphia police officer who had been fired for allegedly stealing overtime, originally brought suit against the City, the former police commissioner, and other police officials, alleging that he was terminated from his position for having turned in his former partner for stealing a cell phone. On March 17, 2003, the jury returned a verdict for [sic] in favor of Devore. (<u>Devore I</u>) Prior to the Court's ruling on the post-verdict motions, the parties entered into a settlement agreement, the provisions of which included agreements by the City to expunge Devore's record, make pension plan contributions and vest him in his pension, and refer to him as retired from the Philadelphia Police Department.

> In January, 2004, the Court was informed by the Plaintiff that the City had failed to comply with the settlement agreement, in that it had not expunged Devore's records, listed him as retired or vested him in his pension.

<u>Id.</u> at *1.  The Court gave Devore a choice between vacating the

settlement agreement and having the jury award reinstated or

leaving the settlement in place and proceeding with a breach of

contract claim.  Devore chose the former and the Court vacated

the settlement agreement from <u>Devore I</u>.

> In July, 2004, Devore filed [a] new suit (<u>Devore II</u>), alleging that the Defendants' failure to expunge his records and provide him a neutral reference, after agreeing to do so in the original settlement, was a further act

> of retaliation in violation of § 1983, as well
> as being motivated by Plaintiff's race, in
> violation of Title VII and the PHRA. Devore
> also alleged that the Defendants' actions
> constituted an actionable breach of the
> settlement agreement, as well as fraud, and a
> violation of state law regarding the release
> of expunged information. As a result of the
> City's failure to abide by the terms of the
> settlement agreement, Devore claimed that he
> lost employment opportunities with Temple
> University, Beverly Perry, Esquire, and the
> Pennsylvania State Police, ("the three
> prospective employers").

Id. Because the Court had already vacated the settlement from

Devore I, Devore's claims based on the settlement agreement were

dismissed. The remaining claims were settled by the parties in

the settlement agreement now at issue in this case.

The Devore II settlement provides, in relevant part,

that in exchange for the release of all claims, the City would

pay Devore $40,000. Additionally, certain modifications would be

made to Devore's Internal Affairs file ("IAB file"). His

attorney would verify that the modifications had been made and

would file a stipulation to that effect with the Court.

Specifically, "all paper personnel files concerning Mr. Devore's

employment with the Philadelphia Police Department will include

the following notation: 'Mr. Devore retired from the Philadelphia

Police Department without benefits on or about July 20, 1998.'"

Ex. E, Defs.' Mot. Summ. J. ¶ II.D.1 (doc. no. 25-2).

Furthermore, "the computer file maintained by the Philadelphia

Police Department's Internal Affairs Division will reflect that

-3-

Mr. Devore's discharge for overtime theft was in violation of federal law." Id.

The settlement contained a merger clause providing that "[t]his settlement agreement is the entire agreement between the parties and there are no other terms, obligations, covenants, representations, statements, or conditions, oral or otherwise, related to the settlement except as stated herein." Id. ¶ III.M.

Before the settlement was put into writing, there was a hearing before Magistrate Judge Hart at which the terms of the settlement were placed on the record. During the hearing, Judge Hart noted that "it is understood that nothing in this settlement will adversely affect or impact in any way any existing orders that Mr. Puricelli has obtained from the Court of Common Pleas." Hr'g Tr. Oct. 21, 2005, Ex. D, Defs.' Mot. Summ. J. (doc. no. 25-2). Although no order is specifically referenced on the record, it appears undisputed that this statement referred to a November 1, 2002 expungement order issued by the Philadelphia Court of Common Pleas. The written agreement is silent as to its effect on prior court orders.

On November 21, 2005, Mr. Puricelli, Devore's attorney in both his previous and current lawsuits against the City, signed a stipulation stating that he had "inspected Mr. Devore's Personnel file as electronically maintained by the City of Philadelphia, and Mr. Devore's Personnel and Internal Affairs

-4-

files as maintained by the Philadelphia Police Department.  The files have been modified pursuant to the settlement terms." Stip., Dec. 19, 2005, Ex. A, Defs.' Mot. Summ. J. (doc. no. 25-2).

At some point following the execution of the <u>Devore II</u> settlement, a memorandum was inserted in Devore's personnel file by the Philadelphia Police Department.[1]  The personnel memorandum instructed that the language from the settlement agreement be inserted into Devore's personnel files.  Fournier Dep. 55:23-56:6, Aug. 13. 2007, Ex. J, Defs.' Mot. Summ. J. (doc. no. 25-3). It also stated that "If Mr. Devore's paper file is accessed as a result of a request for information about Mr. Devore's employment with the Philadelphia Police Department this statement must be read to the individual requesting the information."  <u>Id.</u> 56:9-15.

Devore now brings suit a third time, complaining of disclosures made by the Philadelphia P.D. to the City of Atlanta. Devore applied for a job with the police department in Atlanta. In September 2006, Officer McDaniel, an Atlanta officer tasked with evaluating Devore's application, contacted the Philadelphia Police Department to request Devore's personnel file.  Officer McDaniel spoke with Lieutenant Fournier in Philadelphia. McDaniel testified at deposition that, during the conversation,

---

[1]     The Court refers to this document as the "personnel memorandum."

-5-

Lieutenant Fournier told Officer McDaniel that Devore's employment with the Philadelphia Police Department had been terminated.  McDaniel Dep. 15:9, Aug. 17, 2007, Ex. G, Defs.' Mot. Summ. J. (doc. no. 25-2).  Fournier also told McDaniel that Devore had sued the City of Philadelphia in the past.[2]  Id. 74:4-5.  Fournier did not read the statement set forth in the personnel memorandum.  Fournier Dep. 74:16-20.  Following that conversation, Lieutenant Fournier forwarded Devore's personnel file to the Atlanta Police Department.

After receiving the file, Officer McDaniel concluded that there were inconsistencies between Devore's job application and the information in his personnel file.  The main inconsistencies identified by Officer McDaniel were that, contrary to his Internal Affairs record, Devore claimed on his employment application that he had never been fired by an employer, that he had never been arrested, and that he had never been a party in a law suit.  After Officer McDaniel discovered these inconsistencies, Devore was denied employment in Atlanta.

---

[2]     Fournier has no specific memory of telling McDaniel that Devore sued the City and it is not clear whether defendants contest that this disclosure was actually made.  However, Fournier stated at his deposition that he did not read the statement from the personnel memorandum to Officer McDaniel. Fournier Dep. 74:16-20.  He explained that he did not consider a request for Devore's IAB file, which is maintained electronically, to be an inquiry about his paper file such that it triggered the statement from the personnel memorandum.  Id.

B.   <u>The Complaint</u>

Devore asserts the following claims: 1) violation of 42 U.S.C. § 1983; 2) violation of 42 U.S.C. § 1985; 3) breach of contract; 4) fraud/intentional misrepresentation; 5) release of expunged information in violation of 18 Pa Cons. Stat. § 91; 6) defamation.

II.  MOTIONS FOR SUMMARY JUDGMENT

Defendant moves the Court for summary judgment on all claims, arguing that Devore is unable to produce evidence to support his claims.  Devore opposes defendants' motion for summary judgment and himself seeks summary judgment as to claims three and five.

A.   <u>Summary Judgment Standard</u>

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in

-7-

favor of the non-moving party regarding the existence of that fact.  Id. at 248-49.

"In considering the evidence, the court should draw all reasonable inferences against the moving party."  El v. Se. Pa. Transp. Auth., 479 F.3d 232, 238 (3d Cir. 2007).  "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  Fed. R. Civ. P. 56(e).

When confronted with cross-motions for summary judgment, as in this case, the court considers each motion separately.  See Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 150 (3d Cir. 1993) (noting that concessions made for purposes of one party's summary judgment motion do not carry over into the court's separate consideration of opposing party's motion); 10A Charles A. Wright et al., Federal Practice and Procedure § 2720 (3d ed.).  Although cross-motions must be considered separately on the merits, a determination of a common issue of law may be dispositive of both motions.  St. Paul Fire & Marine Ins. Co. v. Turner Constr. Co., No. 07-270, 2008 WL 901709, at *2 (E.D. Pa. Apr. 2, 2008).

-8-

B.   <u>Application</u>

    1.   <u>Section 1983 Violation</u>

Devore claims that defendants are liable under 42 U.S.C. § 1983 for retaliating against him for his involvement in the 1998 trial of a former Philadelphia police officer. Section 1983 of Title 42 of the United States Code provides a cause of action for any person whose federal statutory or constitutional rights are violated by a person acting under color of state law.[3]  Defendants concede that they were acting under color of state law during the events giving rise to Devore's complaint.  Therefore, the question is whether defendants retaliated against Devore in violation of his federal rights.

"To prevail on his retaliation claim, [plaintiff] would have to prove three things: first, that he engaged in protected activity; second, that the . . . Police Department [or other defendants] responded with retaliation; and third that his protected activity was the cause of the . . . retaliation." <u>Anderson v. Davila</u>, 125 F.3d 148, 161 (3d Cir. 1997).  "An action that would otherwise be permissible is unconstitutional if it is

---

    [3]    "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."  42 U.S.C. § 1983.

taken in retaliation for the exercise of the right of access to the courts." Bradley v. Pittsburgh Bd. of Educ., 910 F.2d 1172, 1177 (3d Cir. 1990). "This doctrine demonstrates that, at least where the First Amendment is concerned, the motives of government officials are indeed relevant, if not dispositive, when an individual's exercise of speech precedes government action affecting that individual." Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997).

Defendants do not contest that Devore's appearing as a witness in the 1998 trial was an activity protected by the First Amendment. Defendants do contest 1) whether defendants retaliated against Devore by making oral and written disclosures about Devore's past to Officer McDaniel and the Atlanta Police Department, and 2) whether Devore's protected activity caused the alleged retaliation.[4]

---

[4]     Devore's brief in opposition to the defendants' motion for summary judgment raises two other issues in relation to retaliation: the alleged alteration of Devore's personnel file and a letter authored by Wendy Milewski that is dated October 25, 2006. Neither claim survives the City's motion for summary judgment.
        First, Devore has produced no evidence that the City altered his personnel record. The supposed alteration identified in Devore's brief is the inclusion of discipline records from 2002, when Devore no longer worked for the City. However, the mention of events in 2002 was also present in the version of Devore's personnel record that was approved by his attorney in Devore II and filed in the court. See infra Part II.B.5 (comparing the personnel record sent to Atlanta with the record attached to the Devore II stipulation).
        Second, Devore's brief refers to "the issue of Wendy Milewski [sic] October 25, 2006 letter" in its description of

-10-

Summary judgment will be granted against Devore insofar as his claim is based on the written disclosures made by the City.  There is no genuine issue of material fact as to whether those disclosures were retaliatory.  The City was bound by the settlement agreement from <u>Devore II</u> to make a particular written disclosure to potential employers that inquired about Devore; the City complied with the agreement.  <u>See</u> <u>infra</u> Part II.3 (discussing City's compliance with settlement agreement).  Devore cannot show that the written disclosures were retaliatory when the disclosures are what he himself bargained for.

On the other hand, summary judgment will be denied insofar as Devore's claim is based on the oral disclosures purportedly made by Lieutenant Fournier to Officer McDaniel. Fournier's disclosure that Devore was terminated and sued the City, without the additional statement from the personnel memorandum, could be seen as intentionally casting Devore in a bad light.

Devore has raised a genuine issue of material fact as

---

retaliatory acts.  Plf.'s Mot. 25 (doc. no. 33).  Devore describes the letter as an employment reference that complies with the terms of the <u>Devore II</u> settlement.  It is not clear when, or if, the letter was sent to Officer McDaniel. Regardless, the Court will not consider the letter as an act of retaliation.  Devore concedes that the letter does not refer to him negatively and that it complies with the terms of the prior settlement.  He offers no explanation of how the letter might be retaliatory, but merely criticizes the City for failing to produce the letter earlier in discovery.

to Fournier's motive for disclosing Devore's prior suit against
the City and for making only a partial disclosure regarding
Devore's termination.  Fournier testified at deposition that he
was aware that Devore had sued the City in the past, that he was
an employee of the City at the time of the prior lawsuits, and
that he was friendly with Officer Sweeney, who was a defendant in
Devore's prior lawsuit.  Fournier Dep. 21:5-25:19.  This evidence
creates a genuine issue of fact because it is sufficient to allow
a reasonable jury to conclude that Fournier's oral disclosure was
motivated by a desire to retaliate against Devore for Devore's
role in the prior cases.  Summary judgment must be denied insofar
as Devore's claim of retaliation rests on Fournier's oral
statements because whether or not Fournier was motivated by
Devore's protected activity is material to the outcome of
Devore's claim.

          2.   Section 1985 Violation

          Devore claims that defendants have violated Section
1985(2) of Title 42 of the United States Code.  Section 1985(2)
makes it illegal to "conspire . . . to injure [a] party or
witness [in a court proceeding] in his person or property"
because of his participation in a court proceeding.  42 U.S.C. §
1985(2).  Devore argues that defendants conspired to injure his
employment prospects with the City of Atlanta because he

                              -12-

testified against corrupt police officers and because of his participation in Devore I and Devore II.  Devore asserts that the means used by the alleged conspiracy were the release of expunged information and the violation of the settlement agreement from Devore II.

Devore's Section 1985 claim fails for two reasons. First, as to two of the alleged members of the conspiracy (Commissioner Johnson and Mayor Street), Devore has offered no evidence that they were involved in the events at issue in this case.  Lieutenant Fournier made the disclosures to Atlanta.  He testified at deposition that he did so after consultation with Lieutenant Daley.  There is no evidence that Johnson or Street were in any way involved with the decision to disclose information to Atlanta.[5]

---

[5]     Devore argues that, under Rule 56(f), he is entitled to further discovery; he seeks to depose Lieutenant Daley, Commissioner Johnson, and Mayor Street.  Rule 56(f) provides that a court may deny a motion for summary judgment or grant a continuance to allow for further discovery "[i]f a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(f).  A party seeking an extension under Rule 56(f) must "identify with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."  Pastore v. Bell Telephone Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994).  Devore has not explained how the depositions sought could preclude summary judgment since the consultations Devore claims took place resulted in compliance with the settlement agreement.  Moreover, Devore has not explained why the depositions sought were not taken before the close of discovery. Devore failed to file a motion to compel these depositions within the discovery period.

Second, the dispute over who took part in the decision of what to disclose is immaterial because the decision cannot be characterized as an illegal conspiracy.  The written disclosure made by Lieutenant Fournier was lawful and complied with the settlement agreement.  Thus, to the extent that there were consultations within the Police Department regarding the written disclosure, these resulted in compliance with the settlement, not in a nefarious attempt to violate Devore's civil rights.[6] Although the Court has held that there is a genuine issue of material fact as to whether Fournier's oral disclosure violated Section 1983, Devore has provided absolutely no evidence that Fournier consulted with anyone at the police station before making his oral disclosure.  There is insufficient evidence from which a reasonable jury could conclude that Fournier's oral disclosure was the result of a conspiracy.

Because there are no genuine issues of material fact and a reasonable jury could not find that there was a conspiracy to retaliate against Devore, summary judgment will be granted in favor of the City on Devore's claim under 42 U.S.C. § 1985.

3.   Breach of Contract

---

[6]     There is no evidence that Fournier consulted anyone before making the oral disclosure to McDaniel, thus even to the extent that that disclosure violated Section 1983, it does not support Devore's claim of a conspiracy.

-14-

Plaintiff argues that the City breached the settlement agreement by providing information to the Atlanta Police Department that did not comply with the requirements of the settlement agreement.  Specifically, Devore argues that, when Lieutenant Fournier spoke with Officer McDaniel, Fournier failed to make certain oral statements that were required by the settlement agreement.  Devore also argues that Fournier failed to include written disclosures in the materials that he sent to McDaniel.  On the other hand, the City argues that the disclosures referred to by Devore were not required by the settlement agreement.

"[F]or a plaintiff to successfully maintain a cause of action for breach of contract requires that the plaintiff establish: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages."  Gorski v. Smith, 812 A.2d 683, 692 (Pa. Super. 2002).  Where the parties have signed an integrated writing that represents the entire agreement between the parties, "evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract."  Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2s 425, 436-37 (Pa. 2004).  Exceptions to this rule are that parol evidence may be admissible to resolve an ambiguity in the

-15-

contract terms or to vary a writing if one party alleges that a term was omitted because of fraud, accident or mistake.  <u>Id.</u> at 437.  An integration clause stating that the writing is the parties' entire agreement is taken as a "clear sign" that the writing "expresses all of the parties' negotiations, conversations, and agreements made prior to its execution." <u>Id.</u>

The settlement agreement from <u>Devore II</u> contains an integration clause stating that the written settlement agreement is the whole agreement between the parties.  Therefore, in the absence of any claims of fraud, mistake or accident, parol evidence will not be admitted to vary the terms of the agreement.

The settlement agreement from <u>Devore II</u> required the City to insert written notations into Devore's personnel file stating that his discharge was in violation of federal law. Devore's own attorney verified that this was done in November of 2005.  The document verified by Devore's attorney is materially identical to the document sent to Officer McDaniel.  There is no evidence from which a jury could conclude that the written statement required by the settlement agreement was not made. Moreover, the settlement contained no requirement that any oral statements be made to a person requesting a copy of Devore's file.

Devore points to documents that were placed in his file

by the City that instructed employees on how to handle requests
for Devore's personnel file.  These internal memoranda stated
that a caller requesting Devore's file should be informed that
Devore retired without benefits in 1998.  However, the documents
did not create a contractual obligation that the City personnel,
namely Lt. Fournier, make such a statement when McDaniel called
to request Devore's file.  The only obligation was that Devore's
IA file include the notation that his discharge was in violation
of federal law.  It is indisputable that this notation was
included in the file forwarded by Fournier to McDaniel.  The City
fulfilled its duty under the settlement agreement.  Therefore,
summary judgment in favor of the City will be entered on Devore's
breach of contract claim.


### 4.   Fraud/Intentional Misrepresentation

Devore alleges that the City committed fraud when
entering into the settlement agreement.[7]  He claims that, at the
time the City entered into the agreement, it had no intention of
performing its obligations under the agreement.  Thus, according

--------------------

[7]     Under Pennsylvania law, fraud requires proof of six
elements: (1) a representation; (2) which is material to the
transaction at hand; (3) made falsely, with knowledge of its
falsity or recklessness as to whether it is true or false; (4)
with the intent of misleading another into relying on it; (5)
justifiable reliance on the misrepresentation; and (6) the
resulting injury was proximately caused by the reliance."  Gibbs
v. Ernst, 647 A.2d 882, 889 (Pa. 1994).

-17-

to Devore, the City fraudulently induced Devore to enter the agreement.

This claim fails because Devore has not produced evidence from which a reasonable jury could find either that the City breached the settlement agreement or even that, at the time of the settlement, the City did not intend to comply with the agreement.  Moreover, the Court has already concluded that the City has complied with the agreement.  See supra Part II.B.3. Therefore, summary judgment will be entered in favor of the City and against Devore as to Count 4.

> 5.    Release of expunged information in violation of 18
>        Pa Cons. Stat. § 91

Devore claims that defendants violated 18 Pa. C.S.A. § 91 by releasing criminal history information to the Atlanta Police Department.  It is questionable whether Chapter 91 protects the information released by the City to Atlanta.[8] However, even if the statute does apply, it provides little

---

[8]    The statute provides that '[n]othing in this chapter shall be construed to apply to . . . employment history information," such as the records in question.  18 Pa. Cons. Stat. Ann. § 9105.  Because the statute creates an explicit exemption for employment records, it is not at all clear that the internal employment records of the Philadelphia Police Department fall within the scope of the expungement order issued by the Court of Common Pleas.  Devore's approval in Devore II of records that noted the fact of his arrest suggest that, closer to the time the order was issued, neither party believed that Devore's IAB file was included within the records to be expunged.

solace to the plaintiff.

Pennsylvania law on the interpretation of releases is clear: "a release covers only those matters which may be fairly said to have been within the contemplation of the parties when the release was given." Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 360 (3d Cir. 2003). However, parties are not "precluded from contracting for the release of claims which have not accrued." Id. at 360-61. "[W]here the terms of a release and the facts and circumstances existing at the time of its execution indicate the parties had in mind a general settlement of accounts, the release will be given effect according to its terms.'" Id. at 360-61 (quoting Restifo v. McDonald, 230 A.2d 199, 202 (1967). "Pennsylvania's 'general rule . . . is that the intention of the parties must govern, but this intention must be gathered from the language of the release.'" Id.

In Devore II, Devore sued the City for the same claim that he now brings: violating Chapter 91 of Title 18 of the Pennsylvania Consolidated Statutes by including in his personnel file, and then disclosing to potential employers, information regarding Devore's arrest. This claim was dismissed pursuant to the settlement agreement between the parties. As part of the agreement, Mr. Puricelli, Devore's counsel in both Devore II and the instant case, verified that Devore's computer and paper personnel files had been modified according to the agreement.

-19-

Ex. E, Defs.' Mot. for Summ.J. 6.

On November 21, 2005, Mr. Puricelli signed a stipulation that stated that he "inspected Mr. Devore's Personnel file as electronically maintained by the City of Philadelphia, and Mr. Devore's Personnel and Internal Affairs files as maintained by the Philadelphia Police Department.  The files have been modified pursuant to the settlement terms."  Ex. A, Defs.' Mot. for Summ. J. 1.  Attached to the Stipulation as Exhibit B was excerpts of Devore's personnel file.  The excerpts include the Internal Affairs records that state that Devore was arrested in relation to allegations of theft, misuse of time, and unprofessional conduct that were sustained on November 12, 2002.

The record that was approved by Mr. Puricelli in Devore II is the very record that Devore complains of now.  The only difference between the two is that, in the record from Devore II, no complainant is named.  In the record now complained of, the complainant is identified as Inez Brooks.  However, the conduct described is the same–theft, misuse of time, and unprofessional conduct.  The disciplinary outcome–arrest–is also the same.

Devore's claim for violation of Chapter 91 is not viable.  Having specifically bound the City to make certain disclosures (i.e., his personnel record as approved by his attorney), Devore cannot now sue the City for its compliance with the settlement.  Accordingly, summary judgment for the City is

appropriate under these circumstances.

      6.  <u>Defamation</u>

     Summary judgment will be granted in favor of the City on Devore's claim for defamation because the allegedly defamatory statements were true.  To establish a prima facie case of defamation, a plaintiff must prove the following six elements: 1) the communication was defamatory in nature; 2) the communication was published by the defendant; 3) the communication applied to the plaintiff; 4) the recipient of the communication understood its defamatory meaning and its application to the plaintiff; 5) the plaintiff suffered special harm as a result of the communication's publication.  42 Pa. Con. Stat. Ann. § 8343(a). Truth is an absolute defense to a claim of defamation.  § 8343(b); <u>Weaver v. Lancaster Newspapers, Inc.</u>, 926 A.2d 899, 903 (Pa. 2007).  "The defense is met so long as the defendant proves the statement to be substantially true." <u>Chicarella v. Passant</u>, 494 A.2d 1109, 1115 n.5 (Pa. Super. Ct. 1985) (citing <u>Kilian v. Doubleday & Co., Inc.</u>, 79 A.2d 657, 660 (1951)); <u>Tucker v. Merck & Co., Inc.</u>, 102 F. App'x 247, 253 (3d Cir. June 29, 2004) (non-precedential).

     There is no genuine issue of fact as to whether Devore was arrested and his employment terminated.  Although these actions were later found by a jury to have been illegal, that

does not change the fact that they occurred.  Thus, Devore's claim for defamation fails because the allegedly defamatory statements were true: Devore was arrested, his employment was terminated, and these actions were later found by a jury to have violated federal law.  The facts of the case are exactly as described in Devore's personnel file and in Fournier's oral disclosures.  In this case, truth is a complete defense.

III. CONCLUSION

     For the aforementioned reasons, plaintiff's motion for summary judgment will be denied.  Defendants' motion for summary judgment will be granted except as to Count I, insofar as Devore's claim rests on Lieutenant Fournier's oral disclosures to Officer McDaniel.  An appropriate order follows.

```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                             :    CIVIL ACTION
JOHN D. DEVORE,              :    No. 06-5095
                             :
       Plaintiff,            :
                             :
v.                           :
                             :
CITY OF PHILADELPHIA         :
ET AL.,                      :
                             :
       Defendants.           :
```

O R D E R

**AND NOW**, this **15th day of April 2008,** for the reasons stated in the accompanying memorandum, it is hereby **ORDERED** that plaintiff's motion for summary judgment or, in the alternative, for a continuance pursuant to Rule 56(f) (doc. no. 33) is **DENIED.**

It is further **ORDERED** that defendants' motion for summary judgment (doc. no. 25) is **GRANTED,** except that the motion is **DENIED** as to Count I insofar as that claim rests on oral disclosures allegedly made by Lieutenant Fournier to the Atlanta Police Department.

It is further **ORDERED** that defendants' motion to file a reply brief (doc. no. 34) is **DENIED** as moot.  An amended scheduling order will issue.

        **AND IT IS SO ORDERED.**


                 S/Eduardo C. Robreno
                 **EDUARDO C. ROBRENO, J.**